Rex V. CLEMENS and Ethel M. Clemens, Plaintiffs-Appellants,

v.

UNITED STATES of America, Defendant-Appellee.

No. 23742.

United States Court of Appeals, Ninth Circuit.

March 1, 1971.

Joyle C. Dahl and Charles Duffy (argued), of Duffy, Stout & Georgeson, Portland, Or., for appellants.

Thomas L. Stapleton (argued), U. S. Dept. of Justice, Johnnie M. Walters, Asst. Atty. Gen., Washington, D. C., Sidney I. Lezak, U. S. Atty., Jack C. Wong, Asst. U. S. Atty., Portland, Or., for appellee.

Before CHAMBERS, BROWNING and ELY, Circuit Judges.

PER CURIAM:

The judgment of the district court against the taxpayer is affirmed.

Pursuant to authorization under a government contract, Clemens cut timber in 1964 and sold it. He and his wife on their joint return seek long term capital gains treatment under IRC § 631(a). The question is did Clemens hold the timber for a full six months before January 1, 1964. If one takes the bid date in June, 1963, he did hold it six months. If the formal acceptance by the Bureau of Land Management in July, 1963, is the date, he did not.

The bidding notice gave the government the right to reject bids "when it is in [its] interest to do so."

Much as we would like to, we cannot say that Clemens had a vested interest in the timber prior to July 1, 1963.

The trouble is the government almost always has a right to retreat until it finally signs up. *See* Ferry v. Udall, 9 Cir., 336 F.2d 706.